UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORSAH R-Z, | No. 1:26-cv-00828-DJC-AC |
| Petitioner, | |
| v. | ORDER |
| KRISTI NOEM, et al., | |
| Respondents. | |

Petitioner filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) along with a Motion for Temporary Restraining Order (Mot. (ECF No. 2)) seeking Petitioner's release from the custody of Immigration and Customs Enforcement ("ICE"). At Respondents' request (see Opp'n (ECF No. 8) at 3), the Court shall rule directly on the merits of the Petition.

It is undisputed that Petitioner entered the United States on July 29, 2020. (Pet. ¶ 2.) On October 7, 2020, an Immigration Judge entered a final order of removal against Petitioner. (Id.; Opp'n at 2.) In their Opposition, Respondents dispute Petitioner's representation that she has Special Immigration Juvenile Status ("SJIS"). (Opp'n at 2.) There is some confusion about the exact status of Petitioner's attempts to obtain SJIS. What is clear is Petitioner filed a Special Immigrant Juvenile petition based on a Maryland state court order that made Special Immigrant Juvenile related

findings. (Pet. ¶ 2.) There seems to be some dispute as to whether Petitioner is still awaiting adjudication of his SIJS or was granted SIJS and is awaiting an adjustment to Lawful Permanent Resident status. But this dispute is ultimately irrelevant.

The evidence is clear (Grant of Deferred Action (ECF No. 1-2), and Respondents concede (*see* Opp'n at 2), that Petitioner was granted deferred action. Deferred action is "a form of prosecutorial discretion whereby the Department of Homeland Security declines to pursue the removal of a person unlawfully present in the United States." *Ariz. Dream Act Coal. v. Brewer*, 855 F.3d 957, 967 (9th Cir. 2017); *see De Sousa v. Dir. of USCIS*, 755 F. Supp. 3d 1266, 1270 (N.D. Cal. 2024) ("'Deferred action' refers to an 'exercise in administrative discretion' under which 'no action will thereafter be taken to proceed' with the applicant's removal from the United States." (quoting *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 484 (1999)); *see also Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 912 (collecting "Ninth Circuit opinions confirm[ing] that deferred action prevents recipients' removal from the United States.") (W.D. Wash. July 24, 2025).

Petitioner was granted deferred action for four years on October 11, 2022.[1] (Grant of Deferred Action.) As a recipient of deferred action, Petitioner is not subject to removal, even while the final order of removal remains pending. *See Alvarado v. Noem*, No. 1:25-cv-01959-DJC-CSK, 2026 WL 99885, at *1 (E.D. Cal. Jan. 14, 2025). Respondents do not contend or present any evidence suggesting that Petitioner's grant of deferred action has since been validly terminated. Because of the grant of deferred action, Petitioner has a protected liberty interest in his freedom, the risk of erroneous deprivation is high as there has been no evidence presented or

---

[1] Petitioner's grant of deferred action was seemingly the result of a policy that was enacted due to a backlog of SJIS applications pending with the United States Citizenship and Immigration Service. (*See* Opp'n at 2 n.2; *see also A.C.R. v. Noem*, --- F.Supp.3d ----, 2025 WL 3228840, at *2–3 (E.D.N.Y. Nov. 19, 2025).) As it is presently understood by this Court, that policy granted deferred action to people who had already received SJIS classification but could not yet apply for an adjustment of status due to the backlog. *See A.C.R.*, 2025 WL 3228840, at *2. This suggests that perhaps Petitioner had received SIJS. Nevertheless, as stated above, this point is ultimately irrelevant; it is clear and undisputed that Petitioner had been granted deferred action, and this is sufficient on its own to grant the Petition.

determination made that Petitioner presents a risk of dangerousness or flight, and the Government's interest in detaining Petitioner is low given the lack of evidence of flight or dangerousness and Petitioner's deferred action status.  *See F.R.P. v. Wamsley*, No. 3:25-cv-01917-AN, 2025 WL 3037858, at *4-6 (D. Or. Oct. 30, 2025).

In their Opposition, Respondents state that the Court lacks jurisdiction to review the merits of an order of removal.  (Opp'n at 1–2.)  This is certainly true but not at issue here.  Petitioner's claims do not arise from the removal order but from the Government's grant of deferred action and their apparent failure to honor that grant.  *See Bustos-Alonso v. Chestnut*, No. 1:25-cv-01570-DJC-AC, 2025 WL 3254621, at *3–4 (E.D. Cal. Nov. 21, 2025).  Similarly, Respondents' arguments concerning Petitioner's alleged failure to exhaust administrative remedies related to the removal order (*see* Opp'n at 2–3) are also irrelevant as Petitioner is not challenging the removal order.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED;
2. Respondents are ORDERED to immediately release Petitioner Forsah R-Z from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.

////

////

3. The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:  **February 5, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE